IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02043-PAB-MDB

DELBERT SGAGGIO,

    Plaintiff,

v.

MARIO DIAZ, in his personal and professional capacity, and
THE CITY OF PUEBLO, a municipal corporation,

    Defendants.

---

# ORDER

---

This matter comes before the Court on plaintiff Delbert Sgaggio's Opposed Motion for Reconsideration Under Rule 60(b)(6) [Docket No. 32]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

The facts of this case are set forth in detail in the Court's previous order, which accepted the assigned magistrate judge's recommendation that Mr. Sgaggio's complaint be dismissed for failure to state a claim. Docket No. 30 at 1-3. The case arose out of an incident in which Mr. Sgaggio spoke over the telephone with law enforcement officers in Pueblo, Colorado, who had instructed a relative of Mr. Sgaggio's to remove marijuana plants that were growing at her house. *Id.* at 2. After initially speaking to Mr. Sgaggio, Detective Mario Diaz ended the telephone call. *Id.* Mr. Sgaggio then filed this lawsuit, alleging various violations of his rights under both the United States and Colorado constitutions. *Id.* at 2-3. As relevant to the present motion,

Mr. Sgaggio alleged that Detective Diaz's decision to terminate the phone call violated Mr. Sgaggio's free speech rights under the First Amendment.  *Id.*

On November 21, 2022, defendants filed a motion to dismiss Mr. Sgaggio's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docket No. 12.  On May 19, 2023, the assigned magistrate judge recommended that the motion to dismiss be granted.  Docket No. 26.  On May 24, 2023, Mr. Sgaggio filed an objection to the recommendation.  Docket No. 27.  On September 18, 2023, the Court accepted the recommendation in part, overruled Mr. Sgaggio's objection, dismissed Mr. Sgaggio's first three claims with prejudice, and dismissed Mr. Sgaggio's fourth claim without prejudice.  Docket No. 30 at 15.

On September 16, 2024, Mr. Sgaggio filed the present motion.  Docket No. 32.  Mr. Sgaggio captioned the motion as an "Opposed Motion for Reconsideration Under Rule 60(b)(6)" and states that he "argues for relief under Federal Rules of Civil Procedure Rule 60(b)(6) 'any other reason that justifies relief' in concerns with the Honorable Courts ORDER (Doc #30) and FINAL JUDGEMENT."  *Id.* at 1.[1]

---

[1] The title of Mr. Sgaggio's motion uses the phrase "reconsideration," Docket No. 32 at 1, and the last page of the motion states that Mr. Sgaggio "asked the Honorable Court to reconsider the magistrate recommendation and allow me to move forward on my First Amendment violations . . . .  Furthermore since I showed defendant Diaz did violate clearly established constitutional rights of my I asked that the Monel claim also moves forward."  *Id*. at 11.  Given Mr. Sgaggio's use of the past-tense "asked," as well as the fact that the first page of the complaint explicitly states that Mr. Sgaggio is seeking relief under Federal Rule of Civil Procedure 60(b)(6), *id.* at 1, the Court construes the sentences at the end of the motion to be recounting the history of the case, including Mr. Sgaggio's May 24, 2023 objection to the magistrate judge's recommendation, rather than as an effort to seek reconsideration of the magistrate judge's recommendation.

2

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(6) states that relief after judgment is only appropriate based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances."  *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).  Under Rule 60(b)(6), the Court may relieve a party or its legal representative from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case."  *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted).  Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).

Mr. Sgaggio appears in this case pro se, and the Court therefore must liberally construe his filings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, Mr.

3

Sgaggio's pro se status does not excuse his obligation to comply with the same rules of procedure that govern other litigants.  *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  ANALYSIS

Mr. Sgaggio's motion makes various arguments about how Detective Diaz violated Mr. Sgaggio's First Amendment rights when Detective Diaz terminated their phone call.  *See* Docket No. 32 at 3-11.  The Court understands Mr. Sgaggio's argument to be that Detective Diaz's decision to terminate the phone call constituted a time, place, and manner restriction on Mr. Sgaggio's speech, *see id.* at 3, and that such a restriction was neither content-neutral nor narrowly tailored.  *Id.* at 5-11.

Nowhere in his motion does Mr. Sgaggio explain why he is entitled to relief under Rule 60(b)(6).  Rule 60(b)(6) states that, in addition to the reasons enumerated elsewhere in the Rule, the Court may relieve a party from a final judgment for any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(6).  The Tenth Circuit has held that relief under this rule "may only be granted in exceptional circumstances."  *Servants of the Paraclete,* 204 F.3d at 1009.  Mr. Sgaggio does not explain why his various First Amendment arguments, which appear to be similar to arguments he previously made, *see* Docket No. 27 at 1-6, and which appear to rely entirely on cases that were decided prior to this Court's September 18, 2023 order, merit relief under Rule 60(b)(6).  Nor does Mr. Sgaggio identify any other "exceptional circumstances" that would warrant the "extraordinary" relief provided by Rule 60(b)(6).  *See Servants of the Paraclete,* 204 F.3d at 1009.  The Court will therefore deny Mr. Sgaggio's motion.

4

## IV. CONCLUSION

It is therefore

**ORDERED** that the Opposed Motion for Reconsideration Under Rule 60(b)(6) [Docket No. 32] is **DENIED**.

DATED May 15, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

5